IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| LISA DANNETTE AYERS,<br><br>Plaintiff,<br><br>vs.<br><br>KILOLO KIJAKAZI, Acting Commissioner of the Social Security Administration,<br><br>Defendant. | CV-20-43-BU-JTJ<br><br><br>MEMORANDUM<br>AND ORDER |

## INTRODUCTION

Lisa Dannette Ayers ("Ayers") brought this action to obtain judicial review of the final decision of the Commissioner of the Social Security Administration (Commissioner), denying her applications for disability benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-433.

## JURISDICTION

The Court has jurisdiction over this action under 42 U.S.C. § 405(g). Venue is proper in the Butte Division given that Ayers resides in Gallatin County, Montana. 29 U.S.C. § 1391(e)(1). The parties have consented to the undersigned conducting all proceedings in this matter and to enter judgment. (Doc. 8).

## BACKGROUND

Ayers is 53 years old. (Doc. 14 at 40, 223). Ayers has a high school education. (Doc. 14 at 40). Ayers has past work experience as a cashier and receptionist. (Doc. 14 at 40-42).

Ayers filed her Title II and XVI applications for Social Security disability benefits and supplemental security income benefits on December 28, 2016 and February 14, 2017, respectively. (Doc. 14 at 223, 225). Ayers alleged that she became disabled on November 1, 2015. *Id.* Ayers alleged that she became disabled due to bipolar disorder, depression and anxiety disorder. (Doc. 14 at 67).

An administrative law judge (ALJ) conducted a hearing on Ayers's applications for social security benefits on August 1, 2019. (Doc. 14 at 17). The ALJ issued her decision on September 9, 2019. (Doc. 14 at 28). The ALJ determined that Ayers was not disabled at anytime from November 1, 2015 through September 9, 2019, the date of her decision. (Doc. 14 at 18, 27). The ALJ determined that Ayers did not qualify for disability benefits or supplemental security income benefits because Ayers possessed the residual functional capacity to perform work as a laundry worker, cleaner-housekeeper, assembler and clothing presser. (Doc. 14 at 27).

Ayers requested that the Administrative Appeals Council (Appeals Council)

review the ALJ's decision. (Doc. 14 at 1). The Appeals Council denied Ayers's request for review. *Id.* The Appeal Council's denial made the ALJ's decision the final decision of the Commissioner. *Id.*

Ayers filed the present appeal on September 2, 2020. (Doc. 2). The matter has been fully briefed. (Docs. 17, 18, 19). The Court is prepared to rule.

## STANDARD OF REVIEW

The Court's review in this matter is limited. The Court may set aside the Commissioner's decision only where the decision is based on legal error or not supported by substantial evidence in the record. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). "Substantial evidence means more than a mere scintilla, but less than a preponderance." *Id.* Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). "If evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the ALJ. *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998).

## DISABILITY DETERMINATION

A claimant is disabled for purposes of the Social Security Act if the claimant demonstrates by a preponderance of the evidence that (1) the claimant has a

"medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months;" and (2) the impairment or impairments are of such severity that, considering the claimant's age, education, and work experience, the claimant is not only unable to perform previous work but also cannot "engage in any other kind of substantial gainful work which exists in the national economy." *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 974 (9th Cir. 2000) (citing 42 U.S.C. § 1382(a)(3)(A), (B)).

The Social Security Administration regulations provide a five-step sequential evaluation process for determining whether a claimant is disabled. *Bustamante v. Massanari*, 262 F.3d 949, 953–54 (9th Cir. 2001); 20 C.F.R. §§ 404.1520, 416.920. The five steps are:

1. Is the claimant presently working in a substantially gainful activity? If so, the claimant is not disabled within the meaning of the Social Security Act. If not, proceed to step two. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b).

2. Is the claimant's impairment severe? If so, proceed to step three. If not, the claimant is not disabled. *See* 20 C.F.R. §§ 404.1520(c), 416.920(c).

3. Does the impairment "meet or equal" one of a list of specific impairments described in 20 C.F.R. Part 220, Appendix 1? If so, the claimant is disabled. If not, proceed to step four. *See* 20 C.F.R. §§ 404.1520(d), 416.920(d).

    4.     Is the claimant able to do any work that he or she has done in the past? If so, the claimant is not disabled. If not, proceed to step five. *See* 20 C.F.R. §§ 404.1520(e), 416.920(e).

    5.     Is the claimant able to do any other work? If so, the claimant is not disabled. If not, the claimant is disabled. *See* 20 C.F.R. §§ 404.1520(f), 416.920(f).

*Bustamante*, 262 F.3d at 954.

The claimant bears the burden of proof at steps one through four. *Id.* The Commissioner bears the burden of proof at step five. *Id.*

### A.    ALJ's Determination in this Case

The ALJ followed the 5-step process in evaluating Ayers's claim. At step one, the ALJ determined that Ayers had engaged in substantial gainful activity during the period from February 2016 through September 2016, but had not engaged in substantial gainful activity at any time after September 2016. (Doc. 14 at 19-20).

At step two, the ALJ found that Ayers had the following severe impairment: bipolar disorder, with episodes of depression. (Doc. 14 at 20).

At step three, the ALJ found that Ayers did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1. (Doc. 14 at 20-22).

5

Before considering step four, the ALJ determined Ayers's residual functional capacity. The ALJ determined that Ayers possessed the residual functional capacity to perform a full range of work at all exertional levels subject to the following non-exertional limitations: 1) Ayers can understand, remember, carry out, and sustain concentration, persistence, and pace for simple instructions that can be learned in 30 days or less; 2) Ayers can maintain concentration, persistence and pace for 2-hour intervals, with normal breaks, up to an 8-hour workday; 3) Ayers must avoid fast-pace production standards; 4) Ayers can work in close proximity to, but not in direct contact with the general public; and 5) Ayers can respond to gradually introduced changes in the work place. (Doc. 14 at 22).

At step four, the ALJ determined that Ayers could not perform her past relevant work as a cashier or receptionist. (Doc. 14 at 25-26).

At step five, the ALJ determined that Ayers possessed the residual functional capacity to perform work that existed in significant numbers in the national economy such as: laundry worker, cleaner-housekeeper, assembler and clothing presser. (Doc. 14 at 26-27). Based on this finding, the ALJ determined that Ayers was not disabled. (Doc. 14 at 27).

## CONTENTIONS

### A.   Ayers's Contention

Ayers argues that the Court should reverse the Commissioner's decision and remand the case for further proceedings. (Doc. 17 at 25). Ayers argues that the ALJ's decision should be reversed because: 1) The ALJ failed to provide sufficient reasons for discounting the opinions of nurse practitioner Rebecca Bourret (Bourret); and 2) The ALJ's residual functional capacity (RFC) assessment was deficient because it did not include the mental limitations that Bourret noted in her medical assessment on December 19, 2017. (Doc. 17 at 2).

### B.   Commissioner's Contentions

The Commissioner argues that the ALJ should affirm the ALJ's decision because the ALJ's decision was based on substantial evidence and was free of legal error. (Doc. 18).

## DISCUSSION

### A.   The Opinions of Nurse Practitioner Rebecca Bourret

Bourret conducted a medical capacity assessment of Ayers on December 19, 2017. (Doc. 14 at 389-391). The medical assessment was a check-box form. *Id.* Bourett checked boxes indicating that Ayers "was moderately limited in her ability to understand and remember; moderately to extremely limited

in her ability to sustain concentration and persistence; moderately limited in her ability to tolerate social interaction; and likely to miss more than 4 days per month due to her condition." (Doc. 14 at 389-90). The ALJ assigned Bourret's opinions "only some weight." (Doc. 14 at 24). The ALJ discounted Bourret's opinions because: 1) Bourret's opinions were not supported by the objective medical evidence; 2) Bourret's opinions were based largely on subjective reports from Ayers that the ALJ had found to be incredible; 3) Bourret's opinions were inconsistent with Ayers's generally good mental exams; and 4) Bourret did not qualify as an acceptable medical source. (Doc. 14 at 24). Ayers argues that the ALJ erred when she accorded "only some weight" to Bourret's opinions.

Ayers filed her applications for social security benefits prior to March 27, 2017. Nurse practitioner Bourret is therefore considered an "other source" under the applicable Social Security regulations. See 20 C.F.R. §§ 404.1502, 416.902; *Britton v. Colvin*, 787 F.3d 1011, 1013 (9th Cir. 2015). The opinions of an "other source" are assigned less weight than the opinions of "acceptable medical source," such as physician. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996). The ALJ may discount the opinions of an other source so long as the ALJ provides germane reasons for doing so. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

The ALJ discounted Bourret's opinions regarding Ayer's mental limitations

8

because they were based largely on subjective reports that Ayers provided to Bourett regarding her mental condition and its limiting effects. (Doc. 14 at 23-24). The ALJ found Ayer's testimony regarding her mental limitations to be incredible. *Id.* Ayers does not argue that the ALJ erred in discounting her testimony. Because the ALJ properly discounted Ayers's testimony about these very matters, it follows that the ALJ gave a germane reason for discounting Bourret's opinions as well. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009); *See also Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (holding that an ALJ may reject the opinion of a medical provider if the opinion is based "to large extent" on self-reports by a claimant that are found to be incredible).

The ALJ also discounted Bourrett's opinions because they were inconsistent with the objective medical evidence. Such a reason qualifies as a germane reason for discounting the opinions of an other source. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). The ALJ cited several treatment notes in the record where Ayers's mental status was evaluated as being "generally good." (Doc. 14 at 24). The treatment notes reflect that during the period from January 2016 through April 2019 Ayers: had regular speech and intact language; had a normal thought process and thought content; was fully oriented, had intact memory, attention and concentration; and showed fair judgment. (Doc. 14 at 382, 385, 452, 511, 544).

9

The findings in these treatment notes are inconsistent with Bourret's opinions that Ayers possessed marked and disabling mental limitations.

The ALJ did not error in discounting Bourret's opinions because she provided germane reasons supported by substantial evidence for doing so.[1]

B.  **The ALJ's Residual Functional Capacity Determination**

Ayers argues that the ALJ's residual functional capacity (RFC) assessment was deficient. Ayers argues that the RFC assessment was deficient because it failed to include the mental limitations that nurse practitioner Bourret noted in her December 19, 2017, medical assessment. (Doc. 17 at 23).

Residual functional capacity is an assessment of the claimant's ability to perform work-related physical and mental work activities on a regular and continuing basis despite her impairments and limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a); Social Security Ruling (SSR) 96-8p SSR. The ALJ's RFC assessment must include all of the claimant's medical and vocational limitations that are supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217-1218 (9th Cir. 2005). The ALJ is not required to take into account claimed limitations that the ALJ found to be incredible or not supported by the

---

[1] To the extent that the ALJ discounted Bourret's opinions because Bourret was not an acceptable medical source, this was not a germane reason to discount Bourret's opinions. *See Revels v. Berryhill*, 874 F.3d 648, 655 (9th Cir. 2017). Any error by the ALJ was harmless, however, given that the ALJ provided other reasons for discounting Bourret's opinions that were germane.

record. *Id.*

Here, the ALJ's RFC assessment is set forth on pages 22 through 25 of the ALJ's Decision. (Doc. 14 at 22-25). The ALJ noted that Ayers's bipolar disorder: limited her tolerance for sustained concentration and persistence; limited her ability to perform at a high-pace; limited her tolerance to for interaction with others; and limited her ability to adapt to changes in the work place. (Doc. 14 at 24). The ALJ properly accounted for these deficits in the RFC assessment. (Doc. 14 at 22). The ALJ stated that Ayers could only understand, remember, carry out and sustain concentration, persistence, and pace for simple instructions that could be learned in 30 days or less. (Doc. 14 at 22). The ALJ stated that Ayers could only maintain concentration, persistence and pace for 2-hour intervals, with normal breaks. *Id.* The ALJ limited Ayers to no fast-paced production standards. *Id.* The ALJ stated that Ayers could have no direct contact with the public, and the ALJ limited Ayers to only gradual changes in the work place. *Id.*

The ALJ did not include the limitations described by Bourret because Bourret's opinions were not supported by objective medical evidence, and they were based largely on subjective reports from Ayers that the ALJ had determined to be incredible. The ALJ was not required to include limitations in the RFC assessment that the ALJ found to be incredible or not supported by the record.

11

*Bayliss*, 427 F.3d at 1217-1218. The ALJ's RFC assessment included all of Ayers's mental limitations that were supported by substantial evidence in the record. No legal error occurred.

## CONCLUSION

The ALJ did not err in denying Ayers's applications for social security benefits.

## ORDER

1. The Commissioner's decision to deny Ayers's claim for disability and supplemental security income benefits is AFFIRMED.

2. The Clerk is directed to enter judgment accordingly.

DATED this 12th day of October, 2021.

/s/ John Johnston
John Johnston
United States Magistrate Judge